UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUBLELINE CAPITAL LP, et al.,

        Plaintiffs,

-against-

ODEBRECHT FINANCE, LTD., et al.,

        Defendants.

17-CV-4576 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is a letter-motion (Pl. Mtn.) (Dkt. No. 240) filed by plaintiffs DoubleLine Capital LP, DoubleLine Income Solutions Fund, and DoubleLine Funds Trust (collectively, DoubleLine), seeking a protective order that would prevent defendants Construtora Norberto Odebrecht, S.A. (CNO), Odebrecht Engenharia E Construção S.A. (OEC), and Odebrecht, S.A. – Em Recuperação Judicial (OSA) (collectively, Odebrecht) from conducting depositions of the three corporate plaintiffs or of three individual DoubleLine employees. No conference is required. For the reasons that follow, the motion will be granted in part, with respect to certain deposition topics, and otherwise denied.

## Background

Discovery deadlines in this multinational securities fraud action have been extended several times, most recently on March 1, 2022, when – at DoubleLine's request, and over Odebrecht's objections – the Court extended the deadline to complete fact discovery, including depositions, to April 30, 2022. (Dkt. No. 235.) On March 31, 2022, DoubleLine served deposition notices pursuant to Fed. R. Civ. P. 30(b)(6) on defendants OSA and CNO.[1] The following day, Odebrecht served the six deposition notices now at issue, including three notices pursuant to Rule 30(b)(6), addressed to the three corporate plaintiffs, and three notices pursuant

---

[1] Those notices are the subject of a separate letter-motion, filed by DoubleLine, seeking an order compelling defendants to provide the requested deposition testimony. (Dkt. No. 239.)

to Rule 30(b)(1), addressed to individual DoubleLine employees Luz Padilla, Su Fei Koo, and Mark Christensen. Pl. Mtn. at 1.

In its letter-motion, DoubleLine asserts generally that the discovery sought is unnecessary – as demonstrated by Odebrecht's prior objection to extending the fact discovery deadline – and therefore disproportionate, and that the deposition notices were improperly served for harassment purposes after DoubleLine rejected a "*de minimis*" settlement offer that defendants made during March 2022. Pl. Mtn. at 2-3. In addition, DoubleLine contends that several of the thirteen Topics of Examination listed in the notices are impermissibly broad, and argue that Padilla, Koo, and Christensen are not subject to notice pursuant to Rule 30(b)(1) at all because they are not DoubleLine officers, directors, or managing agents. *Id.* at 3-4.

In its responding letter, dated April 28, 2022 (Def. Opp.) (Dkt. No. 243), Odebrecht asserts that the timing of its deposition notices was coincidental and argues that it is not required to forgo deposition discovery entirely merely because it was previously "content to let fact discovery close" for both sides. Def. Opp. at 1-2. Additionally, Odebrecht points out that the three individual witnesses were all designated "document review custodians" for purposes of written discovery,[2] and accuse DoubleLine of playing procedural games in order to run out the clock on their depositions. *Id.* at 2.[3] According to Odebrecht, each of the named witnesses is a

---

[2] A total of five DoubleLine document review custodians were agreed upon. Odebrecht originally served Rule 30(b)(1) notices addressed to each of them, but withdrew the other two upon learning that those individuals were no longer employed by DoubleLine. Def. Opp. at 1-2.

[3] According to Odebrecht, DoubleLine waited until April 21, 2022, to announce that it would not accept service of the Rule 30(b)(1) notices. Def. Opp. at 2. This prompted Odebrecht to prepare Fed. R. Civ. P. 45 subpoenas for each of the individual witnesses, but DoubleLine refused either to accept service of the subpoenas on their behalves or provide home addresses where they could be personally served. *Id.* Defendants concede that they have "not accomplished personal service" of the subpoenas but report that they have provided them to DoubleLine's counsel, mailed them to (and left copies at the door of) DoubleLine's office, and mailed them to (and posted copies at) the "likely" residences of Ms. Koo and Mr. Christensen. *Id.* at 4.

senior DoubleLine employee who should be considered a "managing agent" for purposes of Rule 30(b)(1). *Id.* at 3. In the alternative, Odebrecht asks this Court to deem its Rule 45 subpoenas served "despite the witnesses' diligent avoidance of personal service." *Id.* at 4.

In its reply letter, dated April 29, 2022 (Pl. Reply) (Dkt. No. 246), DoubleLine argues that by issuing Rule 45 subpoenas to the three employees, Odebrecht has "tacitly acknowledged" that none of those individuals is an officer, director, or managing agent of any plaintiff, and that having "botched" the service of those subpoenas, Odebrecht is no longer entitled to rely on Rule 30(b)(1) to obtain the testimony it seeks. Pl. Reply at 1-2. Nor, according to DoubleLine, is Odebrecht entitled to ask this Court for subpoena-related relief in response to a letter-motion that concerned only the "defective Rule 30(b)(1) Notices." *Id.* at 2. DoubleLine advises Odebrecht to make its own motion should it "wish to compel depositions pursuant to [the] Rule 45 Subpoenas." *Id.*

## Legal Standards

Unless otherwise limited by court order, a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Since "information within this scope of discovery need not be admissible in evidence to be discoverable," *id.*, "the Rule 26(b)(1) standard presents a 'relatively low threshold[.]'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (quoting *In re Zyprexa Injunction,* 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007)). However, district courts have "broad discretion to manage the manner in which discovery proceeds." *Diamond v. 500 SLD LLC*, 2022 WL 956262, at *2 (S.D.N.Y. Mar. 30, 2022) (quoting *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003)). A court must limit the "extent of discovery otherwise allowed" if the discovery sought is

"unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Additionally, a court may issue a protective order to safeguard a party or person "from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c), "but the moving party bears the burden of establishing good cause for such a protective order." *Rekor Sys., Inc. v. Loughlin*, 2022 WL 488941, at *1 (S.D.N.Y. Feb. 17, 2022) (quoting *Qube Films Ltd. v. Padell*, 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015)). Here, the standard is high. "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotation marks omitted). Ultimately, "[t]he grant and nature of protection is singularly within the discretion of the district court." *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992).

Under Rule 30(b)(1), "a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition." *Cambridge Cap. LLC v. Ruby Has LLC*, 2022 WL 889143, at *1 (S.D.N.Y. Mar. 24, 2022) (quoting *Schindler Elevator Corp. v. Otis Elevator Co.*, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007)). If an employee does not qualify as an "officer, director, or managing agent" of the corporate party, then that employee is "not subject to deposition by notice," *Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *2 (S.D.N.Y. May 31, 2022), but may be required to testify pursuant to a subpoena issued pursuant to Rule 45.

Courts in this district generally consider five factors to determine whether an individual is a managing agent of a corporate party:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual

4

> can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation.

*Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 170 (S.D.N.Y. 1985) (internal quotation marks, citation, and emphasis omitted). The party serving the Rule 30(b)(1) notice bears the "modest" burden of establishing that the witness is a managing agent, *see id.*; *Dubai Islamic Bank*, 2002 WL 1159699, at *4, by presenting "enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). The Court's inquiry is thus a generous one, particularly where, as here, the examining party has not had "complete discovery" as to the proposed deponent's responsibilities. *See Dubai Islamic Bank*, 2002 WL 1159699, at *4 ("The witness's deposition testimony itself may well provide the best evidence of his or her status.").

Under Rule 30(b)(6), a party may name a corporation or other legal entity as the deponent, "and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The entity must then designate one or more individuals to testify on its behalf as to those matters. *Id.* "Like other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 – deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Bigsby v. Barclays Cap. Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (quoting *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017)). Therefore, "courts should scrutinize Rule 30(b)(6) notice topics for proportionality, burden and reasonable particularity to ensure that the

responding party can select and prepare the most suitable witness and so that the topics do not engender abuse of the process by either party." *Blackrock Allocation Target Shares*, 2017 WL 9400671, at *2.

## Analysis

DoubleLine does not seriously contend that the discovery sought is not relevant to the parties' claims and defenses. Moreover, its proportionality argument rests largely on its contention that Odebrecht, having previously been "content to allow the discovery cut-off to expire . . . without having taken a single deposition," does not "need" to take any now. Pl. Mtn. at 1-2. Under the Federal Rules of Civil Procedure, however, it is not generally up to one party to determine what discovery another party "needs." Given the potentially high stakes in this action,[4] and considering the significant resources that both sides have already devoted to it, the Court cannot find that the six fact depositions now at issue are outside the scope permitted by Rule 26(b)(1).

Nor does Odebrecht's change of heart about engaging in deposition discovery – after DoubleLine found its settlement offer inadequate – render its notices "abusive." Pl. Mtn. at 2. Defendants frequently attempt to settle disputes inexpensively prior to engaging in deposition discovery. If those settlement efforts fail, the fact that they were made at all should not be a bar to otherwise-permissible discovery during the period allotted for it. In any event, aside from the

---

[4] DoubleLine, which "manages more than $134 billion in assets for its clients," Pl. Mtn. at 3, alleges that defendants sold "billions of dollars of bonds in the U.S. capital markets" while concealing the fact that their robust financial results were achieved through a "massive worldwide bribery scheme." Pl. Rule 72 Objs. (Dkt. No. 197) at 2; *see also* Third Am. Compl. (Dkt. No. 61) ¶¶ 120, 219. During the period 2013-15, DoubleLine purchased a "material amount" of two Odebrecht bonds, paying more than $50 million (net of certain later sales by DoubleLine of those bonds). Third Am. Compl. ¶¶ 26-27. When the value of the bonds "declined precipitously" following disclosure of the bribery scheme, DoubleLine suffered "significant" damages. Pl. Rule 72 Objs. at 2.

ordinary costs and inconveniences associated with deposition discovery, DoubleLine has not identified any prejudice flowing from the challenged notices,[5] much less any "clearly defined, specific and serious injury," *In re Terrorist Attacks*, 454 F. Supp. 2d at 222, as is required to obtain a protective order. Consequently, each plaintiff must make a representative available for deposition in accordance with Rule 30(b)(6).

DoubleLine is correct, however, that some of the Topics of Examination to which it objects, *see* Pl. Mtn. Ex. A, are overbroad, fail to describe the requested information with reasonable particularity, or are otherwise inappropriate under Rule 30(b)(6):

> **Topic No. 4:** Plaintiffs' witness(es) need ***not*** be prepared to testify about the categories and locations of documents regarding "(viii) securities of other companies, including the securities of companies whose business relates to engineering and construction, petrochemicals, agroindustry, oil and gas, real estate development and infrastructure and energy investments" or "(ix) securities of companies other than Odebrecht that are either headquartered in Latin America or whose securities are traded on a Latin American stock exchange." The securities described in these subsections are not directly at issue in this action and the connection is too tenuous to support the discovery requested. Odebrecht may permissibly inquire and plaintiffs' witness(es) shall be prepared to testify about the categories and locations of documents regarding subsections (i) through (vii).
>
> **Topic No. 5:** Plaintiffs' witness(es) need ***not*** be prepared to testify as to Topic No. 5, which is overbroad and unintelligibly vague, particularly (but not exclusively) insofar as it would require DoubleLine to identify and prepare a witness to testify about "any subject matter related to this Action."
>
> **Topic No. 6:** Plaintiffs' witness(es) need ***not*** be prepared to testify in detail about each individual transaction in Odebrecht Notes. The "dates, quantities, prices, purchaser(s) and seller(s)" can more easily be ascertained from documentary evidence than from a live witness. Odebrecht may permissibly inquire and plaintiffs' witness(es) shall be prepared to testify in general terms about the reasons for DoubleLine's purchases and sales of Odebrecht Notes and the sources of news or information that DoubleLine received or reviewed in connection with such decisions.

---

[5] As DoubleLine acknowledges, Odebrecht agreed to modify the location of the depositions after DoubleLine objected to producing its witnesses in New York. Pl. Mtn. at 2; Def. Opp. at 2.

> **Topic No. 7:** Plaintiffs' witness(es) need *not* be prepared to testify as to Topic No. 7 with respect to securities other than Odebrecht Notes. Odebrecht may permissibly inquire and plaintiffs' witness(es) shall be prepared to testify about DoubleLine's investment strategy, goals, guidelines, or criteria with respect to Odebrecht Notes, as well as Persons knowledgeable about such investment strategy, goals, guidelines, or criteria, documents regarding such investment strategy, goals, guidelines, or criteria, and changes in those strategies, goals, guidelines or criteria**.**
>
> **Topic No. 9:** Plaintiffs' witness(es) need *not* be prepared to testify as to Topic No. 9 with respect to securities other than Odebrecht Notes. Odebrecht may permissibly inquire and plaintiffs' witness(es) shall be prepared to testify about DoubleLine's knowledge concerning or communications with Persons who provided DoubleLine with investment advice, recommendations, or information with respect to any Odebrecht Notes.
>
> **Topic No. 11:** Plaintiffs' witness(es) need *not* be prepared to testify as to Topic No. 11. Defendants' "policies, practices, and procedures" regarding the securities described in this topic, which are not directly at issue in this action, are too tenuously connected to the claims and defenses in this action to support the discovery requested.[6]

At deposition, plaintiffs' witness(es) shall be prepared to testify concerning the time period January 1, 2012 to the present.

Finally, the Court is satisfied that the Rule 30(b)(1) deposition notices served on DoubleLine are effective – and therefore that the named employees must appear for deposition – because Odebrecht has shown that there is at least a "close question" as to whether they are its managing agents. *Afram Lines*, 159 F.R.D. at 413. All three individuals are longtime (and current) senior DoubleLine employees, and as such "can be expected to identify with [DoubleLine's] interests" and appear for deposition at its request. *Sugarhill Records*, 105 F.R.D. at 170. All three were designated "document review custodians" during the written discovery phase of this action, and two of the three (Mr. Christensen and Ms. Koo) are identified as potential witnesses in DoubleLine's initial disclosures made pursuant to Fed. R. Civ. P. 26(a)(1).

---

[6] As to all other Topics of Examination, Odebrecht may permissibly inquire and plaintiffs' witness(es) shall be prepared to testify as to those topics as propounded.

*See* Def. Opp. at 1-3, nn. 10-12 & Ex. A. According to the firm's website, they are Portfolio Managers in DoubleLine's Emerging Markets Group,[7] and thus likely "invested with general powers allowing [them] to exercise judgment and discretion in corporate matters." *Sugarhill Records*, 105 F.R.D. at 170. Ms. Padilla occupies even more senior positions at DoubleLine, serving as Director of the International Fixed Income team, as Director and lead Portfolio Manager of the Emerging Markets Group, and as a permanent member of the Fixed Income Allocation Committee.[8] According to Barron's,[9] Ms. Padilla "manages the $1.23 billion DoubleLine Emerging Markets Fixed Income fund," which is one of the funds on behalf of which plaintiff DoubleLine Funds Trust brought this action. *See* Third Am. Compl. ¶ 14. Thus, all three employees appear to have significant responsibility "respecting the matters involved in the litigation." *Sugarhill Records*, 105 F.R.D. at 170.

Resolving all doubts "in favor of the examining party" at the pre-deposition stage, as required, *see Dubai Islamic Bank*, 2002 WL 1159699, at *4, the Court "provisionally" concludes that Mr. Christensen, Ms. Koo, and Ms. Padilla are plaintiffs' managing agents, *id.*, and therefore must appear for deposition as noticed. The question whether their testimony will be "binding on the corporation" may be deferred to the time of trial. *Id.* (collecting cases).

---

[7] *See* "International Fixed Income," DoubleLine, https://doubleline.com/intl-fixed-income/ (all webpages last accessed May 31, 2022).

[8] *See* "Luz Padilla," DoubleLine, https://doubleline.com/biographies/luz-padilla/; "Firm Overview," DoubleLine, https://doubleline.com/firm-overview/.

[9] *See* "Luz Padilla," Barron's, https://www.barrons.com/articles/barrons-100-most-influential-women-in-finance-luz-padilla-51586523600.

**Conclusion**

For the reasons set forth above, plaintiffs' letter-motion is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 240.

Dated: New York, New York
       May 31, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**