UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUBLELINE CAPITAL LP, et al.,

        Plaintiffs,

-against-

ODEBRECHT FINANCE, LTD., et al.,

        Defendants.

17-CV-4576 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 24, 2022, "Jane Doe" filed a Notice of Motion requesting "[p]ermission to file under and as Jane Doe and then under seal state the matter of concern," along with a declaration stating that "there [are] sufficient reasons that I be consider[ed] as a party and to submit as a Jane Doe." (Dkt. Nos. 269, 270.) On August 25, 2022, I denied the motion without prejudice to renewal, instructing Ms. Doe that:

- If she seeks to intervene as a party pursuant to Fed. R. Civ. P. 24, she must file a motion so stating, which sets out the grounds for intervention and is accompanied by a pleading that sets out the claims or defenses for which intervention is sought;

- If she seeks to proceed anonymously, she must file a motion setting out the grounds that would justify her in doing so; and

- If she seeks to file all or part of her motion to intervene and/or motion to proceed anonymously under seal, she must file (on the public docket) a motion for leave to do so, setting out the grounds that would justify a sealing order.

(Dkt. 271.)

On September 23, 2022, Ms. Doe filed a renewed motion "to proceed anonymously through the use of a Jane Doe designation." Renewed Mot. (Dkt. 272) at 1. Insofar as the Court can ascertain from her two-page submission, Ms. Doe no longer seeks leave to intervene as a party. Nor does she request permission to file any materials under seal. Instead, she explains, she wishes to proceed anonymously to determine if moneys from a "corporate group" in Panama nicknamed "mini Odebrecht" were "used by Odebrecht et al., and invested in Double Line Capital, L.P. et al.,

and/or other U.S. corporations." Renewed Mot. at 2. This matter is of interest to Ms. Doe because, in 2014, "mini Odebrecht" signed "a contract for extractions on 26 hectares of land" in Panama where Ms. Doe has "Power of Attorney interests as the next of kin of elderly disabled owners." *Id.* One of those owners was "kidnapped and then released," *id.*, after which "other unfortunate events occurred at the hands of Panamanian authorities now directly implicated and named in the ongoing Odebrecht trial in Panama." *Id.*

The renewed motion is DENIED. Ms. Doe has made no showing that would justify her in proceeding as a party in this action, much less as an anonymous party.[1] Moreover, to the extent Ms. Doe seeks to use this action as a mechanism for discovering whether any "mini Odebrecht" monies were invested in plaintiff Doubleline Capital, L.P. or its affiliates (collectively Doubleline), she appears to misunderstand the nature of the case. Odebrecht did not invest in Doubleline. Rather, Doubleline invested in Odebrecht, by purchasing bonds issued by Odebrecht Finance, Ltd. *See* Third Amended Compl. (Dkt. 61) ¶¶ 26–27. In this action, Doubleline seeks to recover its investment losses on those bonds under the federal securities laws and state law, alleging principally that defendants' financial statements were materially false or misleading. *See id*. ¶¶ 1–11, 302–42. Nothing in Ms. Doe's renewed motion suggests that she has a cognizable interest in those claims.

Dated: New York, New York
       October 24, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008) (listing factors for courts to consider in weighing requests to proceed anonymously).