UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/10/2023
```

DOUBLELINE CAPITAL LP, et al.,

    Plaintiffs,

-against-

ODEBRECHT FINANCE, LTD., et al.,

    Defendants.

17-CV-4576 (GHW) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Defendants Odebrecht, S.A. – Em Recuperação Judicial, Construtora Norberto Odebrecht, S.A., and Odebrecht Engenharia e Construção S.A. (collectively Odebrecht) failed to obey a discovery order issued on October 14, 2020 (the 10/14/20 Order) (Dkt. 122). Plaintiffs DoubleLine Capital LP, DoubleLine Income Solutions Fund, and DoubleLine Funds Trust (collectively DoubleLine) sought sanctions, and on July 19, 2022, the Court granted that motion and awarded certain non-monetary sanctions to DoubleLine pursuant to Fed. R. Civ. P 37(b)(2)(A). *See DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, 2022 WL 3029014, at *3, *13 (S.D.N.Y. July 19, 2022) (hereinafter the 7/19/22 Order). Additionally, pursuant to Fed. R. Civ. P. 37(b)(2)(C), the Court ordered Odebrecht to pay the reasonable expenses, including attorneys' fees and out-of-pocket costs, incurred by plaintiffs as a result of defendants' discovery violations. *Id.* DoubleLine now seeks an award of $90,065, representing 136.1 hours of legal work at rates ranging from $1,200 per hour for the time of a senior partner to $275 per hour for the time of a paralegal. *See* Declaration of Karl Barth (Barth Decl.) (Dkt. 267) ¶¶ 6-14.

    For the reasons that follow, the Court awards plaintiffs a total of $67,335 in attorneys' fees, at rates ranging from $850 per hour for the time of the senior partner to $200 per hour for the time of the paralegal.

I.     BACKGROUND

Plaintiffs brought this action on June 17, 2017, alleging that defendants violated federal securities law and state law by selling bonds to United States investors, including DoubleLine, without disclosing their involvement in a long-running bribery scheme that ultimately resulted in criminal prosecutions in Brazil, the United States, and elsewhere. *See* 7/19/22 Order, 2022 WL 3029014, at *3-6. On October 14, 2020, the Court ordered defendants to produce all nonprivileged documents responsive to plaintiffs' Requests for Production (RFPs) 1, 3, and 4 by November 12, 2020. 10/14/20 Order at 1.[1] Defendants failed to do so, and remained in violation of the 10/14/20 Order for almost one year until, on November 5, 2021, plaintiffs sought, pursuant to Fed. R. Civ. P. 37(b), the entry of a default judgment against defendants – or, in the alternative, lesser sanctions – as a penalty for their admitted refusal to comply with the 10/14/20 Order. (*See* Dkt. 219.)

On July 19, 2022, I granted plaintiffs' motion, deeming certain facts to be established for purposes of this action, *see* 7/19/22 Order at *3, *13, and ordering defendants to pay "the reasonable expenses, including attorneys' fees and out-of-pocket costs, caused by their failure to obey this Court's Order dated October 14, 2020, including expenses incurred by plaintiffs in (a) seeking additional discovery to substitute for the documents that defendants refused to produce; and (b) preparing and pursuing the instant sanctions motion." *Id.* at *13. In connection with the monetary sanction, I directed plaintiffs to file one or more declarations setting forth those expenses and attaching their attorneys' relevant time and expense records. *Id.*

---

[1] These RFPs sought "all documents, deposition transcripts, and/or written statements provided by Odebrecht to the United States Department of Justice and any other governmental or regulatory agency in connection with the investigations conducted by those agencies into the large-scale bribery scheme, perpetrated by Odebrecht, that underlies this securities fraud action." 7/19/22 Order at *1.

On August 9, 2022, plaintiffs submitted the Barth Declaration, seeking a total of $90,065 in attorneys' fees for work performed by attorneys Steven Berman and Karl Barth (at $1,200 and $675 per hour, respectively) and paralegal Joseph Salonga (at $275 per hour) of the firm Hagens Berman Sobol Shapiro LLP (Hagens Berman). Barth Decl. ¶¶ 2-3, 14. Plaintiffs do not seek compensation for any out-of-pocket costs. *Id.* ¶ 14.

On August 23, 2022, defendants filed a responding letter-brief (Odebrecht Opp.) (Dkt. 268), arguing that the requested award should be reduced because plaintiffs offered no evidence to support the reasonableness of their claimed hourly rates, Odebrecht Opp. at 2; because attorney Barth performed "tasks readily performable by an attorney of far less experience than Mr. Barth's 26 years of practice," *id.*; because "several time entries . . . reflect work not 'caused by' Defendants' failure to produce documents," *id.* at 3; and because counsel "billed more hours than reasonably necessary for certain tasks," pointing to discovery requests that appeared to be "heavily based on earlier requests in this case[.]" *Id.* at 3-4.

## II.     ANALYSIS

Defendants' refusal to comply with the 10/14/20 Order caused plaintiffs to incur expenses, including attorneys' fees, in "(a) seeking additional discovery to substitute for the documents that defendants refused to produce; and (b) preparing and pursuing the instant sanctions motion." 7/19/22 Order at *13. The Court must now quantify the fees "reasonably incurred" in compensable work. To do so, in this Circuit, "a district court multiplies the relevant attorneys' reasonable hours spent on compensable tasks by a reasonable hourly rate for the services performed, so as to determine a 'presumptively reasonable fee.'" *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 2021 WL 1549916, at *2 (S.D.N.Y. Apr. 20, 2021) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)); *see also Romeo &*

3

*Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, 2013 WL 3322249, at *4 (S.D.N.Y. July 2, 2013) ("To determine the amount of attorneys' fees to which a prevailing party in a discovery dispute is entitled, the Court must calculate the 'presumptively reasonable fee,'" which "is calculated by multiplying the reasonable number of hours that the case requires by the reasonable hourly rate.") (citations omitted), *aff'd*, 679 F. App'x 33 (2d Cir. 2017).

### A.   Hourly Rate

At the first stage of the analysis, the court must determine "the reasonable hourly rate for each timekeeper for whom fees are sought." *Karsch v. Blink Health Ltd.*, 2019 WL 6998563, at *2 (S.D.N.Y. Dec. 20, 2019). The fee applicant "bears the burden of 'produc[ing] satisfactory evidence' that its requested rates are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4 (S.D.N.Y. Oct. 28, 2015) (quoting *Pearson Educ., Inc. v. Vergara*, 2010 WL 3744033, at *6 (S.D.N.Y. Sept. 27, 2010)), *report and recommendation adopted sub nom. In re: Terrorist Attacks*, 2015 WL 9255560 (S.D.N.Y. Dec. 18, 2015). The court may also consider "the complexity of the case, the prevailing rates in similar cases in the district, and the quality of representation." *Pasini v. Godiva Chocolatier, Inc.*, 764 F. App'x 94, 95 (2d Cir. 2019) (summary order) (citing *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012)).

The inquiry is "case-specific," *Townsend*, 679 F.3d at 59, "meaning that a reasonable rate for a routine task in a simple case may be quite different from a reasonable rate for a complex task in a challenging case, even when performed by the same firm or the same attorney." *Charlestown Cap. Advisors*, 2021 WL 1549916, at *2; *see also, e.g., Lilly v. City of New York*, 934 F.3d 222, 231-32 (2d Cir. 2019) ("It was entirely appropriate for the district court to consider the complexity

of a matter because a reasonable paying client would consider the complexity of his or her case when deciding whether an attorney's proposed hourly rate is fair, reasonable, and commensurate with the proposed action."). The Court also "has some responsibility to 'disciplin[e] the market'" if necessary, *Danaher Corp. v. Travelers Indem. Co.*, 2014 WL 4898754, at *2 (S.D.N.Y. Sept. 30, 2014) (quoting *Arbor Hill*, 522 F.3d at 184) (alteration in original), by "stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184.

Here, as noted above, plaintiffs seek fees for the time of two Hagens Berman attorneys at hourly rates of $1,200 and $675, and of one Hagens Berman paralegal at the rate of $275. Attorney Barth attests somewhat vaguely that the firm's attached time records, which list these figures in the "rate" column, "reflect[] the amounts billed by attorneys and paralegals in the current action during the relevant time period." Barth Decl. ¶ 4 & Ex. A. Barth does not attest that plaintiffs were actually charged for the work at issue at these hourly rates, much less that they paid for the relevant services at those rates.[2] "I therefore cannot accept the quoted rates as compelling evidence, or even a strong indicator, that they are reasonable." *Charlestown Cap. Advisors*, 2021 WL 1549916, at *3 (rejecting Arnold & Porter's listed hourly rates, because the fee applicant made no showing that it actually paid those rates, and instead applying "average" partner and associate rates as shown on a survey of New York-area law firm billing rates attached to the fee application); *see also In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *7 (describing Anderson Kill's

---

[2] According to the firm's website, it primarily represents plaintiffs and operates "on a contingency fee basis, meaning the victims we represent pay nothing at all unless we win." *See* Hagens Berman Sobol Shapiro LLP, "About," https://www.hbsslaw.com/about (all cited web pages were last visited April 10, 2023).

5

"standard" billing rates as "instructive" but not "dispositive, since there is no suggestion that any of the Plaintiffs has actually paid the firm that amount").

Nor do plaintiffs provide any other evidence that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *In re Terrorist Attacks on Sept. 11, 2001*, 2015 WL 6666703, at *4. For example, they make no effort to "compare the rates its counsel has charged to rates charged by counsel in similar cases" or to rates approved by courts in this district. *Danaher Corp.*, 2014 WL 4898754, at *4. Nor, for that matter, do they describe the background or experience of the attorneys for whom they seeks fees, although it is well-settled that "[s]uch information is required if [the court is to] engage in the necessary 'case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.'" *Id.* (quoting *Farbotko v. Clinton Cnty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005)). As the Second Circuit explained in *Farbotko*, "determination of the prevailing market rate in the relevant community also requires an evaluation of evidence proffered by the parties." 433 F.3d at 209.

In the absence of any evidence concerning the reasonable hourly rates for the timekeepers whose work is at issue, the Court has no choice but to rely on "decisional law," *NAACP v. E. Ramapo Cent. Sch. Dist.*, 2020 WL 7706783, at *5 (S.D.N.Y. Dec. 29, 2020), "the rates awarded in prior cases," and "the court's own familiarity with the rates prevailing in the district.'" *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 374 (S.D.N.Y. 2019) (quoting *Farbotko*, 433 F.3d at 209) (cleaned up). In performing this task, the Court may "take judicial notice of the biographies of [the firm's] attorneys, which are available on the firm's Web site." *NAACP*, 2020 WL 7706783, at *5 (quoting *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 n.2 (S.D.N.Y. 2013)) (alteration in original).

6

The Hagens Berman website lists attorney Berman as its Managing Partner and states that he has 41 years of experience in a broad array of cases involving "mass torts, securities fraud, antitrust violations and class action law." Hagens Berman Sobol Shapiro LLP, "Steve W. Berman," https://www.hbsslaw.com/attorneys/steve-berman. Attorney Barth is Of Counsel at the firm, and has 26 years of experience, primarily representing "investors seeking to protect assets and recover investment losses from companies engaged in securities and accounting wrongdoing." *Id.*, "Karl Barth," https://www.hbsslaw.com/attorneys/karl-barth. Attorney Barth is also a certified public accountant. *Id.* Joseph Salonga is listed as a Whistleblower Investigator and Paralegal, with 12 years of experience in whistleblower and False Claims Act matters. *Id.*, "Joseph Salonga," https://www.hbsslaw.com/investigator/joseph-salonga. All three timekeepers work in the firm's Seattle, Washington office.

In this District, reasonable rates for experienced attorneys in firm leadership positions who represent plaintiffs in complex securities fraud actions are approaching – and in some cases exceed – the $1,000 mark. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *16 (S.D.N.Y. July 21, 2020); *Guevoura Fund Ltd. v. Sillerman*, 2019 WL 6889901, at *18 (S.D.N.Y. Dec. 18, 2019).[3] However, Hagens Berman (unlike the firms whose fees were approved in these

---

[3] In both *Signet Jewelers* and *Guevoura Fund*, where the fee awards were made in connection with class settlements, the court primarily relied on the percentage-of-the-fund method, but also found the requested fees reasonable under the lodestar method, thereby approving the hourly rates listed by counsel in the lodestar calculations submitted in support of their fee applications. In *Signet Jewelers*, those rates ranged from $1,300 to $825 per hour for partners at the firm of Bernstein Litowitz Berger & Grossmann LLP, $800 to $750 per hour for senior counsel, and $600 to $425 for associates. *See* Declaration of John Rizio-Hamilton (Dkt. 258-4), *In re Signet Jewelers Ltd. Sec. Lit.*, No. 16-CV-6728 (CM) (S.D.N.Y. June 16, 2020), Ex. 1. In *Guevoura Fund*, the approved rates included $995 per hour for the managing director of Brower Piven, $900 per hour for other attorneys with the title of "Director," and $675 per hour for an associate. *See* Declaration of David A.P. Brower (Dkt. 195), *Guevoura Fund Ltd. v. Sillerman*, No. 15-CV-7192 (CM) (S.D.N.Y. Oct. 21, 2019), ¶ 155.

cases) does not maintain a New York office and, as noted above, staffs this action out of its Seattle office, where hourly rates appear to be lower. *See Brown v. Papa Murphy's Holdings Inc.*, 2022 WL 1303176, at *3 (W.D. Wash. May 2, 2022) (adjusting rates of class counsel in securities fraud action to $600 per hour for the firm's managing partner and $450 to $350 per hour for associates). Moreover, where the applicant "fails to provide biographical information on an attorney for whom fees are sought, courts have discretion to lower the requested rate for purposes of the lodestar calculation and award fees at the lower end of the prevailing range." *NAACP*, 2020 WL 7706783, at *5. I note as well that the present fee application arises out of a relatively straightforward discovery dispute in which defendants flatly refused to produce responsive documents after being ordered to do so. Indeed, defendants acknowledged that they were "not in compliance with the Court's Order" and were therefore "subject to Rule 37 sanctions," 7/19/22 Order, at *2, leaving for litigation only the question of which sanctions were most appropriate. In such cases, the courts may discount the rates charged to arrive at a reasonable fee for the work involved. *Charlestown Cap. Advisors*, 2021 WL 1549916, at *4.

Based on the qualifications of counsel – as gleaned from the firm website – the nature of the legal work at issue, the range of rates awarded for comparable work here and in the Seattle area, I find that $850 per hour is a reasonable rate for attorney Berman; $600 per hour is a reasonable rate for attorney Barth; and $200 per hour is a reasonable rate for paralegal Salonga.

B.   **Number of Hours Expended**

At the second stage of the analysis, the court multiplies each timekeeper's reasonable hourly rate by the reasonable number of hours expended. *Karsch*, 2019 WL 6998563, at *4 (citing *Romeo & Juliette*, 2013 WL 3322249, at *4). "Time that was not spent on compensable tasks must of course be excluded from the calculation." *Charlestown Cap. Advisors*, 2021 WL 1549916, at

*5. Hours that are "excessive, redundant, or otherwise unnecessary" may also be excluded from an attorneys' fee award. *Infinity Headwear & Apparel v. Jay Franco & Sons*, 2016 WL 6962541, at *5 (S.D.N.Y. Nov. 28, 2016) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)); *see also Karsch*, 2019 WL 6998563, at *5 (discounting hours billed for tasks that would have been performed regardless of the sanctioned conduct). In such a case, the district court "may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *McDonald ex rel Pendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (cleaned up); *accord Romeo & Juliette*, 2013 WL 3322249, at *8.

Here, plaintiffs have limited their request for fees to time expended in "A) opposing Defendants' motion for reconsideration of the Discovery Order; B) preparing and pursuing Plaintiffs' motion for sanctions; . . . C) preparing additional discovery to substitute for the documents that Defendants refused to produce; and D) seeking to compel responses to this substitute discovery." Barth Decl. ¶ 6. Defendants do not challenge the identification of these categories as compensable work, but argue that some of the hours billed reflect work not "caused by" their failure, including discussions with the client and preparing interrogatories, "several" of which "would have been propounded even if Defendants had been able to comply with the Court's order." Odebrecht Opp. at 3. The Court declines to take such a narrow view of the scope of the consequences of defendants' intransigence. Defendants are correct, however, that a one-hour reduction in attorney Berman's time is warranted, reflecting a one-hour meeting on April 19, 2022, attended only by attorney Berman. *See id.* at 3 n.6; Barth Decl. Ex. A, at ECF p. 2.

9

As for the many hours billed by attorney Barth for "legal research" and drafting, which is work most efficiently performed by more junior lawyers at lower rates, I find that a 25% reduction to hours spent on such tasks is appropriate,[4] as follows:

| Date | Narrative | Hours | Reduced Hours |
|---|---|---|---|
| 10/28/20 | Research and draft opposition. | 4.5 | 3.4 |
| 09/22/21 | Final and serve Plaintiffs' First Set of Interrogatories. | 5.0 | 3.8 |
| 10/15/21 | Legal research re default motion. | 6.2 | 4.7 |
| 10/19/21 | Legal research re discovery sanctions. | 7.5 | 5.6 |
| 10/20/21 | Legal research re default judgments and contempt. | 5.2 | 3.9 |
| 10/26/21 | Legal research and drafting motion, discussions with client. | 8.1 | 6.1 |
| 10/27/21 | Draft sanctions motion, legal research. | 7.5 | 5.6 |
| 10/28/21 | Research and draft Rule 37 motion. | 5.5 | 4.1 |
| 10/29/21 | Research and draft Rule 37 motion. | 2.2 | 1.7 |
| 11/03/21 | Revise Rule 37 motion and prepare declaration; research. | 6.5 | 4.9 |
| 12/01/21 | Review opposition to Rule 37 motion; legal research. | 5.1 | 3.8 |
| 12/03/21 | Draft and research for rule 37 reply. | 6.1 | 4.6 |
| 03/31/22 | Finalize and serve deposition notices. | 2.0 | 1.5 |

### III. CONCLUSION

Applying the various reductions discussed above produces the sum of $67,335, as shown in the following chart:

| Name | Hourly Rate Sought | Hourly Rate Awarded | Hours Sought | Hours Awarded | Total |
|---|---|---|---|---|---|
| Steven Berman | $1,200 | $850 | 3.5 | 2.5 | $2,125 |
| Karl Barth | $675 | $600 | 123.5 | 105.7 | $63,390 |
| Joseph Salonga | $275 | $200 | 9.1 | 9.1 | $1,820 |
| **Grand Total** | | | | | **$67,335** |

---

[4] Reducing attorney Barth's compensable hours by 25% is, of course, the practical equivalent of reducing his hourly rate by 25%, to $450, for his time spent on basic research and drafting.

Consequently, it is hereby ORDERED that defendants shall pay plaintiffs the sum of $67,335 within 30 days of the date of this Memorandum and Order.

Dated: New York, New York
April 10, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**