UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DoubleLine Capital LP et al., | |
| Plaintiff(s), | 17-CV-4576 (DEH) |
| v. | |
| Odebrecht Finance, Ltd et al., | ORDER |
| Defendant(s). | |

DALE E. HO, United States District Judge:

Jane Doe, a non-party who was previously denied intervention in this matter,[1] *see* ECF Nos. 271 & 274, has filed a motion for relief from judgment, ECF No. 323. The motion is **DENIED WITH PREJUDICE**, for lack of standing.

Fed. R. Civ. P. 60(b) gives courts leave to "relieve a *party* . . . from a final judgment, order, or proceeding" (emphasis added), for various reasons. "Rule 60(b)(6) [is] not ordinarily . . . available to non-parties to modify final judgments . . . ." *Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044, 1052 (2d Cir. 1982). Exceptions can be granted in "extraordinary circumstances in which a non-party ha[s] interests on which the outcome of the proceedings ha[s] significant consequences for the movants, yet those interests had not been adequately represented during the litigation, because of the peculiar structure of each case." *Federman v. Artzt*, 339 Fed. Appx. 31, 34 (2d Cir. 2009). The Second Circuit has found such extraordinary circumstances in

---

[1] In this motion, Jane Doe states that she was granted permission to proceed anonymously in 2022, but in fact, her two motions to intervene anonymously were *denied*. See ECF Nos. 271 & 274.

only three cases: *Dunlop*,[2] *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180 (2d Cir. 2006),[3] and *Ivin v. Harris*, 944 F.3d 63, 70 (2d Cir. 2019).[4]  These cases presented extraordinarily narrow exceptions, and "[t]hese extensions of Rule 60(b) are so factually cabined that [the Second Circuit] ha[s] summarily refused to construe [them] to reach more broadly."  *Baker v. Gates*, 638 Fed. Appx. 25, 29 (2d Cir. 2015).

The facts of this case are distinct from the three exceptions the Second Circuit provides for.  As noted, the Court has previously considered Jane Doe's participation in this case and ruled that "Ms. Doe has made no showing that would justify her in proceeding as a party in this action, much less as an anonymous party."  ECF No. 274.  Further, Ms. Doe "appears to misunderstand the nature of the case" altogether.  *Id.*  To the extent Ms. Doe purports to bring this motion on grounds different from those presented before, nothing in the motion "suggests . . . she has a cognizable interest" in Doubleline's recovery of investment losses from Odebrecht bonds based on materially false or misleading financial statements.  *Id.*  Indeed, her motion does not state what relief is sought, or the basis for such relief.

---

[2] Finding non-party standing under Rule 60(b) where employees who were victims of age discrimination moved to amend a stipulation of dismissal in a federal lawsuit between the Secretary of Labor and their employer, when the employees' state-law claims were barred by the terms of the settlement even though the Secretary had previously assured the employees that any federal settlement would not affect their state-law claims.  672 F.2d at 1052.

[3] Finding non-party standing under Rule 60(b) "where plaintiffs enter into a settlement agreement with a judgment-proof, *pro se* defendant with the intent . . . to collect from a third party" and plaintiffs later "use the judgment as a predicate for a fraudulent conveyance action against the third party."  443 F.3d at 188.

[4] Finding non-party standing under Rule 60(b) where "no named representatives were present to protect the interests of the class during termination proceedings . . . ."  944 F.3d at 70.

The Clerk of Court is respectfully directed to terminate ECF No. 323.

SO ORDERED.

Dated: February 12, 2026
      New York, New York

                                      DALE E. HO
                         United States District Judge